UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WAYNE SPENCER,

       Plaintiff,

v.

EATON COUNTY
SHERIFF DEPARTMENT, et al.,

       Defendants
_____/

Case No. 1:25-cv-00997

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Wayne Spencer filed his civil complaint against the Eaton County Sheriff Department, and Deputies Hoeksema, Lane, and Tolitski. (ECF No. 1.) Spencer alleges that on June 5, 2025, he was wrongfully arrested and charged with resisting and obstructing, fighting, disturbance in a public place, operating without a license, and operating an unregistered vehicle. (*Id.*, PageID.2.) Spencer says that Defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights.

Spencer explains that he was being harassed and stalked by a Caucasian female who "deliberately engaged in conduct designed to provoke, intimidate, and entrap Plaintiff, while portraying herself as a victim." (*Id.*) Spencer says that the Defendants met with the alleged victim and then surveilled him at the Planet Fitness location in Lansing, Michigan. Spencer says that that the Deputies arrived at "the scene immediately after the incident, suggesting prior coordination and targeting."

1

(*Id.*)  Plaintiff alleges that he suffers from PTSD-like symptoms and emotional distress. (*Id.*)  He requests that the Court declare the arrest and charges against him unlawful, and award compensatory and punitive damages. (*Id.*, PageID.3.)

Plaintiff was granted *in forma pauperis* status on September 9, 2025. (ECF No. 5.)

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.  Analysis

Plaintiff is essentially asking the Court to interfere with his ongoing state criminal proceeding.  "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* at 44–55.  This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Criminal defendants "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings . . . and their failure to avail themselves of such

3

opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's case is pending in state court. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) (stating that "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his claims.

In the opinion of the undersigned, Spencer's civil claims are premature. Spencer's damage claims are not cognizable until his criminal proceeding is resolved in his favor. Dismissal without prejudice is appropriate where the complaint seeks

4

both equitable and legal relief and the Court abstains under the *Younger*. *See Schwab v. Wyoming Police Dep't.*, 2020 WL 3603283, at *7-8 (W.D. Mich. July 2, 2020) (noting that dismissal without prejudice is an option when both equitable and legal relief is sought but deciding to stay pending final resolution of the criminal prosecution).

### IV. Recommendation

Accordingly, it is respectfully recommended that the Court dismiss the complaint for failure to state a claim on which relief may be granted.

Dated: September 3, 2025                       /s/ *Maarten Vermaat*
                                               MAARTEN VERMAAT
                                               U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).